W. F. MEGAN, SR., Plaintiff-Appellee, *v.* L. B. FOSTER COMPANY, Defendant-Appellant.

(No. 70-274; ■■■■■

Second District—November 3, 1971.

F. Stanley Rodkey, of Freeport, for appellant.

Kroeger, Burt & DeMik, of Freeport, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

As a result of an automobile accident on February 7, 1970, the appellee herein filed suit in the small claims division of the circuit court in Stephenson County, cause #70 S.C. 383 on July 31st, 1970. On August

7, 1970, process in that case was served upon one Jolyn Reimann, a receptionist in the appellant's company at One East Wacker Drive in the city of Chicago. On September 1st, 1970, defendant corporation was defaulted and a default judgment was entered on September 10th. On September 29th, 1970, defendant's attorney mailed the attorney for appellee a motion to vacate. During this period the appellant had likewise filed a complaint against the appellee apparently in the small claims division of the circuit court of Stephenson County on September 2nd, 1970, and service was had upon the appellee on September 3rd. It can thus be seen that at the time of the entry of the default judgment the appellee had been served in the counter suit, that being cause #70-336 in Stephenson County.

The motion to vacate the judgment was denied on October 7th, 1970. Again, defendant filed a written motion to vacate on October 20th, 1970, and on November 12, 1970, the motion to vacate was again heard and denied. This appeal is from the default judgment entered in the sum of $909.75 on September 10th, 1970.

■■ Appellant first contends that service upon the clerk-receptionist Jolyn Reimann is not proper service within the meaning of section 13.3 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 13.3.) In support of his contention appellant has cited *Jansma Transport Inc. v. Torino Baking Co.* 27 Ill.App.2d 347. In the *Jansma* case service was had upon an eighteen year old immigrant girl working in a bakery and the court there held that service upon her was not sufficient. In the opinion of this court service upon an intelligent clerk of a company who acts as a receptionist and who understood the purport of the service of summons was sufficient under the above quoted statutory provision dealing with service upon an agent. *Millard v. Castle Baking Co.* 23 Ill.App.2d.

■■ The second contention of appellant is that in a small claims action based upon negligence, that it is necessary that the plaintiff allege the acts of negligence upon which he relies, in substance setting forth a duty, a breach of the duty, and an alleged resulting injury, and further that an allegation be included in the complaint stating that the plaintiff was free from contributory negligence and in the exercise of due care. Attention is directed to *Griffin v. Bilberry*, Case #71-20, Appellate Court, Second District, where this question was decided by this court. In that case we stated:

"Defendant's attack on the sufficiency of the complaint is based upon the argument that Supreme Court rule 282 (Ill. Rev. Stat. 1969, ch. 110A, par. 282) in its requirement that the nature of plaintiff's claim be stated, necessitates, in a cause of action based on negligence, that facts be set forth which raise a duty, show a breach of duty and show

an alleged resulting injury. However, the authorities cited (*Donehue v. Duvall,* 90 Ill.App.2d 472 (1967); *Fannie v. Lemay,* 78 Ill.App.2d 166 (1966); and *Church v. Adler,* 350 Ill.App. 471 (1953) are not applicable to small claims actions. The provisions of the Small Claims Act ch. 110A, *supra,* pars. 281—288) are meant to provide a simplified and inexpensive procedure for small claims, and the rules are complete in themselves without reference to other rules (except as to the form of summons). See Smith-Hurd Annotated, ch. 110A, par. 282—Committee Comments; *Daily Journal v. Smith,* 118 Ill.App.2d 411, 415 (1969). The complaint was sufficient to clearly notify defendant of the nature of plaintiff's claim and thus to state a cause of action under which he could prove negligence and the resulting injury."

The last question before this court is as to whether or not the trial court abused its discretion in refusing to set aside the default judgment. We believe that it did.

■■■ In the instant case the notice of motion to vacate the default judgment was served nineteen days after the entry of the judgment. In addition to this the appellee had been served with summons in a separate suit filed by appellant based upon the same occurrence on September 3rd, 1970, one week before the default judgment was entered. It would thus appear that, at best, the appellant has contended not only that it has a meritorious defense but that it is entitled to judgment by the filing of its separate suit. It is no longer necessary to set forth a meritorious defense where the motion to vacate a default judgment is made in term time. (*Widucus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill.App.2d 102, 167 N.E.2d 799.) The motion to vacate the judgment included a motion to consolidate both cases #70 S.C. 383 and #70 336. A motion to vacate a default judgment is addressed to the sound discretion of the trial court; only in the abuse of that discretion will this court interefere. (*Stackler v. Village of Skokie* (1964), 53 Ill.App.2d 417, 203 N.E.2d 182.) However, in view of the circumstances outlined above it would appear that furtherance of justice requires that the appellant have its day in court. Counsel for the appellee has cited *Lynch v. Illinois Hospital Services Inc.* (1963), 38 Ill.App.2d 470, 187 N.E.2d 330 for the authority that the trial court has broad discretionary powers to set aside a default judgment, primarily relying upon the statement that the authority so to do is permissive, not directory. However, further examination of that case shows that the default judgment therein was entered on September 5th, 1961. On September 18, 1961, within the term time, defendant filed his motion to set aside the default judgment. The court in citing *Widucus* stated:

"The entering of a default is one of the most drastic actions a court may

take to punish for disobedience to its commands. The court has other powers which are ample in most instances. In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

The *Widucus* case and the statements therein reflect the present thinking of our courts on the question of setting aside default judgments. As stated in *Lynch,* supra:

"We believe the overriding rule that should determine cases of this character is whether or not justice is being done."

See also *Adams v. Grace* (1970), 128 Ill.App.2d 69, 262 N.E.2d 489 and *Libert v. Turzynski* (1960), 129 Ill.App.2d 146, 262 N.E.2d 741.

■■ The basic principle of the small claims court Act is a procedure by which litigants with a minimum of legal expertise can present their grievances to the trial court. This principle is not promoted or furthered by default judgments where it is obvious there is a serious dispute as to the question of liability as would appear from the facts herein. Substantial justice requires that this case be reversed, that the default judgment order entered be set aside, and that the trial court either consolidate the two cases and hear them on their merits, or proceed to hear them individually if in its discretion it deems it wise, to do so.

Reversed and remanded.

MORAN, P. J., and ABRAHAMSON, J., concur.