Harold SCHWARTZ and Colleen Schwartz, Plaintiffs and Appellants,

v.

The FIRST NATIONAL BANK IN SIOUX FALLS, Defendant and Appellee.

No. 14832.

Supreme Court of South Dakota.

Considered on Briefs Oct. 23, 1985.

Decided July 16, 1986.

Gale E. Fisher, John R. Hughes, on brief, of Fisher & Hughes, Sioux Falls, for plaintiffs and appellants.

Michael F. Pieplow of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

MORGAN, Justice.

Harold and Colleen Schwartz (Schwartz) brought an action against First National Bank in Sioux Falls, South Dakota (Bank), alleging negligence, intentional infliction of emotional distress and extreme and outrageous conduct. The trial court granted summary judgment in favor of Bank and Schwartz' appeal. We affirm.

Pursuant to a judgment, see *Midcontinent Broadcasting Co. v. AVA Corp. and Harold Schwartz*, 329 N.W.2d 378 (S.D. 1983), Midcontinent filed a levy on Schwartz' business account (Sioux Falls Karmel Korn account) at Bank's Western Mall Branch. On April 23, 1982, Minnehaha County Constable served a levy on the Sioux Falls Karmel Korn account through the Western Mall Branch of Bank. The vice president of the branch, Orrin Anderson (Anderson), advised the constable that the levy would be honored, but he wanted to inform Schwartz' of the levy prior to disbursement of the funds. There was approximately $1,600 in the Karmel Korn account at that time. The following day, Anderson advised Harold Schwartz of the levy.

On April 26, Colleen Schwartz transferred the bulk of the $1,600 from the Sioux Falls Karmel Korn account to her personal account at Bank's Empire Mall Branch and also deposited to that personal account a $2,400 check written on Schwartz' Karmel Korn account in Yankton, South Dakota (Yankton Karmel Korn account), which check was drawn on a Yankton bank. Shortly after that, she made a cash withdrawal of $1,500 from this personal account. That same afternoon, Harold Schwartz called the Yankton bank and stopped payment on the check written on the Yankton Karmel Korn account. On April 27, Bank realized the funds transferred from the Sioux Falls Karmel Korn account to the personal account of Colleen Schwartz were subject to the levy and Bank reversed the transfer. Since Colleen Schwartz had already withdrawn $1,500 in cash and since payment was stopped on the $2,400 check, an overdraft in the personal account was created.

On May 17, 1982, the Empire Mall Branch called Colleen Schwartz and asked what she intended to do about making good on the overdraft. Colleen Schwartz replied that she had talked to her attorney and that he had advised her that it was her money and she should do nothing.

After Schwartz' refused to cover the overdraft, Anderson advised the Sioux Falls Police Department on May 27, 1982. Sometime later, Anderson learned that a separate savings account with Bank existed under the name of Schwartz Apartments. Bank then exercised an offset against that

account and recouped its loss on the earlier overdraft. On June 7, 1982, the day the offset was made, Anderson advised Schwartz' and the Sioux Falls Police Department of the offset. Nevertheless, shortly thereafter, the Minnehaha County State's Attorney's Office filed a complaint against Schwartz' alleging grand theft by deception. Schwartz' were arrested according to standard procedures and prosecution was begun in the normal course. A preliminary hearing was held at which time the magistrate determined that probable cause existed that Schwartz' had committed a felony against Bank and he bound them over for trial. Subsequently, the state's attorney elected to drop the original complaint and present the matter to the grand jury. The grand jury returned an indictment against Schwartz' for grand theft by deception and added a second count alleging attempt to dispose of property subject to the interests of a creditor, a misdemeanor count.

Pursuant to a plea bargain agreement, Schwartz' agreed to plead guilty to the misdemeanor with no jail time and the State agreed to drop the felony count. On January 21, 1983, Schwartz' each signed a detailed petition to enter a plea of guilty. At the sentencing hearing, Judge Patterson permitted Schwartz' to change their pleas to nolo contendere after finding no factual basis existed for the guilty plea. This nolo plea was accepted and the case was treated as a suspended imposition of sentence with a $100 fine as costs.

Four days later, this civil action followed. In their complaint, Schwartz' alleged under count I, negligence; under count II, intentional infliction of emotional distress; and, under count III, extreme and outrageous conduct on the part of Bank. Bank moved for summary judgment in the civil action on the basis that (1) the gravamen of Schwartz' complaint alleged malicious prosecution, and (2) as Schwartz' had not prevailed in the criminal action they could not show a prima facie case of malicious prosecution. In support of this motion, Bank presented the affidavit of Martin Trotzig, Deputy Minnehaha County State's Attor-

ney, who swore that any action taken by the state's attorney's office was on its own behalf under their standard policy and procedures and was not in any way related to Bank's pressing a complaint. The trial court granted summary judgment after noting that it appeared that the gravamen of Schwartz' complaint was malicious prosecution and that there was no genuine dispute of any material fact.

Schwartz' appeal the decision on two issues. Initially, Schwartz' contend that their complaint also contained causes of action for negligence and intentional infliction of emotional distress and the court was in error in stating that the complaint stated only an action for malicious prosecution. The nature of the cause of action shall be determined from the allegations in the pleadings involved. *See Baker v. Jewell,* 77 S.D. 573, 96 N.W.2d 299 (1959); SDCL 15–6–8(f). In this case, the trial court determined that although Schwartz' presented three different counts in their complaint, in essence, the complaint alleged a cause of action for malicious prosecution.

> The title of an action does not determine the character of the cause of action stated, nor, except in strict common-law pleading, does the form of action adopted by the pleader; the character of an action is ordinarily determined by the substance of the whole statement and the nature of the grievance, rather than the form of the pleading.

61A Am.Jur.2d *Pleading* § 65, at 71 (1981); *see also Bank of Cumming v. Moseley,* 243 Ga. 858, 257 S.E.2d 278 (1979); *Sobczak v. Whitten,* 75 Ill.App.3d 208, 30 Ill.Dec. 733, 393 N.E.2d 1080 (1979).

Under count I (negligence), Schwartz' alleged, *inter alia,* Bank was negligent in "filing or lodging a Complaint ... and charging [Schwartz'] with Grand Theft by Deception." Under count II (Intentional Infliction of Emotional Distress), Schwartz' alleged that emotional distress was caused by Bank when it "lodged a Felony Complaint for Grand Theft by Deception." Finally, under count III (Ex-

treme and Outrageous Conduct), Schwartz' claimed Bank "knew, or by the exercise of reasonable care should have known ... it had subjected itself to potential civil litigation for malicious prosecution" and thus conspired with the state's attorney's office to obtain the grand jury indictment against Schwartz'. All of Schwartz' allegations were directly linked to Bank's original complaint against Schwartz'. Thus, the trial court was correct in determining that although Schwartz' alleged negligence and intentional infliction of emotional distress, the gravamen of the complaint stated a cause of action in malicious prosecution.

■ As their second issue, Schwartz' claim the trial court erred in granting summary judgment in favor of Bank. The trial court determined that since the underlying criminal proceeding had been determined adversely to Schwartz', Bank was entitled to summary judgment as a matter of law.

The six elements necessary to sustain an action for malicious prosecution are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; and (6) damages conforming to legal standards resulting to plaintiff.

*Weber v. Western Bank*, 336 N.W.2d 652, 653 (S.D.1983). As noted above, the trial court determined that Schwartz' did not have the original proceeding terminated in their favor and Bank was entitled to judgment as a matter of law.

The third element of the tort of malicious prosecution, a bona fide termination of the prior proceeding in Schwartz' favor, " 'is a question of law normally to be determined by the trial court, as it requires the court to draw a conclusion based upon its legal judgment as to the significance of the prior judgment in light of the relief requested.' " *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. 1986) (quoting *Weisman v. Middleton*, 390 A.2d 996, 1003 (D.C.1978)).

Schwartz' pleaded nolo contendere to the misdemeanor charge of disposing of property subject to the interest of a creditor. The California courts have determined that "to be favorable [to plaintiff,] a termination must reflect on the innocence of the accused party with respect to the alleged wrongful conduct." *Berman v. RCA Auto Corp.*, 177 Cal.App.3d 321, 323, 222 Cal. Rptr. 877, 878 (1986) (citing *Lackner v. LaCroix*, 25 Cal.3d 747, 159 Cal.Rptr. 693, 602 P.2d 393 (1979)). Essentially, a plea of nolo contendere in the context of this case is equivalent to a plea of guilty. *See State v. Luther*, 213 Neb. 476, 329 N.W.2d 569 (1983). Thus, Schwartz' cannot claim that there was a bona fide termination of the prior action in their favor. The trial court was correct in determining that Bank was entitled to summary judgment as a matter of law.

Accordingly, the judgment of the trial court is affirmed.

All the Justices concur.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.