FIRST STATE BANK & TRUST COMPANY OF HANOVER PARK, as Trustee, Plaintiff-Appellee, v. J. P. WINFREY, Indiv. and d/b/a Illinois Wrecking Company, Defendant-Appellant.

First District (3rd Division)   No. 86—1010

Opinion filed December 30, 1987.

Stuart B. Dubin, of Chicago (Sidney Karasik, of counsel), for appellant.

Peter G. Frezados, of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

The subject of this appeal is a default judgment in the amount of $33,610 entered in behalf of plaintiff, First State Bank & Trust Company of Hanover Park, and against defendant, J. P. Winfrey. Defendant contends that the judgment was erroneous in that it was entered solely against him and did not include the corporation, Illinois Wreck-

ing Co., a necessary party, and that the trial court abused its discretion by entering the judgment, and therefore substantial justice requires that the judgment be vacated.

A review of the record reveals that on May 7, 1981, plaintiff filed a complaint which alleged that it owned improved property located on the north side of Chicago; that it had contracted with defendant to have the improvements demolished and to remove all debris within a certain time; that defendant had failed to do so; that as a result of defendant's nonperformance plaintiff was required to expend additional sums to effect the demolition; and that plaintiff had sustained financial losses as a result of its failure to have the property available for a lessee. Defendant, through counsel, duly appeared and filed a motion to dismiss apparently based on plaintiff's failure to secure service of summons on the corporation but having secured service on him personally. Evidently, no further proceedings occurred until February 28, 1985, when the trial court dismissed the action because of plaintiff's failure to prosecute. Eight days later, plaintiff filed a motion to vacate the order of dismissal and to reinstate the case. And, on May 9, 1985, defense counsel filed a motion to withdraw as attorney of record. Thereafter, an order was entered granting counsel leave to withdraw, noting defendant's address, and requiring counsel to furnish a copy of the order to defendant and to advise defendant that he should retain other counsel who could file a supplementary appearance within 21 days to insure notice to defendant of any further proceedings. Concurrent with the entry of the aforementioned order was the entry of a "form order" continuing the motion to reinstate, "without further notice to the parties," until September 11, 1985. Further continuances to October 23, 1985, November 26, 1985, and February 14, 1986, were also granted.

Notwithstanding the "form motions," the computer printout indicated that the motion to reinstate was continued on September 11, 1985, September 25, 1985, October 23, 1985, November 26, 1985, and February 4, 1986.

According to the printout and a draft order on February 14, 1986, the motion to vacate the order of dismissal and to reinstate the case was granted and the case was transferred for "trial and prove up." Additionally, on that same day, a draft order was entered stating that after the court "heard the testimony of witnesses, received documents and evidence" and "heard argument of counsel for plaintiff," a judgment for $33,610 was entered in behalf of plaintiff and against defendant.

On March 12, 1986, defendant filed a motion to vacate the default

judgment. That motion alleged that "no notice was ever received by this defendant," that defendant's former attorney withdrew after the matter had been dismissed but while the motion to vacate the dismissal was pending, that subsequent counsel checked the file and determined that on February 16, 1986, the court would hear the motion to vacate, that February 16, 1986, was a Sunday, that on February 17, 1986, counsel returned to court and learned a default judgment had been entered on February 14, 1986. The motion further alleged that counsel filed a motion to vacate *instanter*, that the case was predicated upon a breach of contract for work performed by defendant, that defendant had performed the work, but that defendant had not been paid by plaintiff. Defendant's motion to vacate was denied, and this appeal follows.

■■■ We must now consider defendant's contention that the trial court erroneously denied his motion to vacate the default judgment when it had been entered solely against him without joinder of the corporate defendant. Service of summons may not be obtained upon a corporation by serving one of its purported officers personally or as an individual. (*Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 807, 480 N.E.2d 1312.) A private corporation may be served by leaving a copy of the summons with the registered agent or any officer of the corporation located within the State. (Ill. Rev. Stat. 1985, ch. 110, par. 2—204.) Whenever a party has been omitted whose presence is so indispensable to a decision of the case or the merits that a final order cannot be made without materially affecting its interests, the court should not proceed to a decision on the merits. (*National Bank v. S.N.H., Inc.* (1975), 32 Ill. App. 3d 110, 121, 336 N.E.2d 115.) A necessary party is one who has a legal or beneficial interest in the subject matter of litigation and will be affected by the action of the court. *Zurich Insurance Co. v. Raymark Industries, Inc.* (1986), 144 Ill. App. 3d 943, 946, 494 N.E.2d 630.

■■ The instant complaint was for breach of a contract and the action was against "J. P. Winfrey, Individually and d/b/a Illinois Wrecking Co.," but the contract was between plaintiff and the corporate defendant. However, summons was served upon defendant Winfrey's nephew at Winfrey's residence. Service was never obtained upon the corporate defendant, but solely upon defendant Winfrey through substitute service on his nephew. The corporate defendant was an indispensable party to this litigation in that it was legally interested and affected by the disposition of the action. Its omission requires that the judgment be reversed.

■ Under section 2—1301(e) of the Code of Civil Procedure, a

party may move to vacate a default judgment within 30 days of its entry. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301(e).) It is not necessary that such relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having asserted such defense. The overriding consideration under section 2—1301(e) is whether it is reasonable to compel the other party to proceed in a trial on the merits. (*City of Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 25, 479 N.E.2d 1040.) The reviewing court need not determine, as a matter of law, that the trial court abused its discretion, but only resolve the question of whether justice has been served. *Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 659, 435 N.E.2d 852.

■■ According to the record, after defendant filed his appearance and motion to dismiss on the basis of improper service of summons, the case lay dormant until four years later, when on February 28, 1985, it was dismissed for want of prosecution. Shortly thereafter, plaintiff filed a motion to vacate the order of dismissal. However, that motion was not heard until a year later, when according to separate draft orders entered February 14, 1986, the case was reinstated and transferred for "trial and prove up" and the default judgment for $36,610 was entered against defendant. According to his motion, defendant was not given notice of the prove up. When defense counsel examined the record prior to prove up, he discovered that it had been set for February 16, 1986, which was a Sunday. However, on February 17, 1986, he again examined the record, and discovered that the prove up had been heard on February 14, 1986. Defendant has presented a reasonable excuse for his failure to have asserted his defense. Under the facts herein, we believe that substantial justice required the circuit court to vacate the default judgment. By filing his motion to vacate that judgment within 30 days after its entry, defendant acted with diligence. Further, by asserting that he had in fact performed the work, he raised a meritorious defense.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the views expressed here.

Reversed and remanded.

RIZZI and WHITE, JJ., concur.