CONTRACT DEVELOPMENT CORPORATION, Plaintiff-Appellee, v. STANLEY BECK *et al.*, d/b/a/ Star Development Company, *et al.*, Defendants-Appellants (Contract Development Corporation, Plaintiff; Chicago Title Insurance Company, Third-Party Defendant).

Second District No. 2—90—0818

Opinion filed March 20, 1991.

Dean A. Dickie and Victor P. Henderson, both of Phelan, Pope & John, Ltd., of Chicago, for appellants.

Werner A. Sabo, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendants, Stanley and Charlotte Beck (Becks), appeal from an order of the circuit court dismissing their counterclaim alleging slander of title. Defendants contend the court erred by (1) denying their motion to dismiss plaintiff's complaint; (2) not holding a hearing on their motion to dismiss; and (3) dismissing their counterclaim.

On July 18, 1988, plaintiff, Contract Development Corporation (CDC), entered into an agreement with the Becks. The agreement required CDC to provide services as a construction manager and contractor for property owned by the Becks. The agreement also contained an arbitration clause.

A dispute arose, and the Becks chose not to pay CDC. CDC then filed a mechanics' lien against the property. On August 25, 1989, the Becks sent CDC a 30-day notice (see Ill. Rev. Stat. 1989, ch. 82, par. 34) demanding that CDC file suit to foreclose its mechanics' lien. The Becks also demanded that the issues be submitted to arbitration pursuant to the agreement.

On September 25, CDC filed a complaint against the Becks. Count I of CDC's complaint requested foreclosure of the mechanics' lien. Count II was based upon breach of contract, and count III sought relief pursuant to the doctrine of *quantum meruit*.

On October 11, the Becks filed a motion to dismiss CDC's complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9)). The Becks' motion alleged the trial court lacked jurisdiction to hear the matter; CDC's claim for monies was nonlienable; and CDC failed to fulfill its obligations under the agreement. On November 27 the court denied the Becks' motion to dismiss and stayed the proceedings pending arbitration.

On February 23, 1990, an arbitration hearing was held. As a result of this hearing, CDC was awarded $56,851. On April 9 the trial court confirmed this award.

On May 16, the trial court denied the Becks' motion to dismiss CDC's complaint without a hearing. The court also granted the Becks leave to file a counterclaim. The Becks then filed a counterclaim alleging slander of title. The court set June 20 as a status date.

On June 14, CDC filed a motion to strike and dismiss the Becks' counterclaim. On June 20, pursuant to CDC's request, the court granted CDC leave to withdraw its mechanics' lien claim, which CDC did. The court also withdrew its previous grant of leave for the Becks to file their counterclaim. The court struck the Becks' counterclaim "without prejudice to refile as a separate action." The court concluded all matters in controversy were disposed of. The Becks appeal from the court's order.

CDC filed a motion to strike the appeal as moot. This court ordered the motion taken with the case. We determine the issues are not moot and deny CDC's motion to dismiss the appeal.

■ The Becks first claim the trial court erred by not granting their motion to dismiss. Once a valid arbitration agreement is established, the trial court has no discretion and must order arbitration. (*First Condominium Development Co. v. Apex Construction & Engineering Corp.* (1984), 126 Ill. App. 3d 843, 849.) The court is not to consider the merits of the arbitrable issue but must summarily determine whether an arbitration agreement exists. (See Ill. Rev. Stat. 1989, ch. 10, par. 102; *Geldermann, Inc. v. Mullins* (1988), 171 Ill. App. 3d 255, 258.) An action involving an issue subject to arbitration shall be stayed with respect to that issue if arbitration has been ordered. *First Condominium*, 126 Ill. App. 3d at 849.

■ In the case at bar, the trial court found that the issues presented in CDC's complaint were subject to an arbitration agreement. This fact was brought to the court's attention by the Becks in their motion to dismiss CDC's complaint. At that instant, the trial court had no discretion and correctly ordered arbitration. The court was correct in not granting the Becks' motion to dismiss.

For the same reason as above, the court did not err by not conducting an evidentiary hearing on the motion to dismiss.

The Becks also argue that the court erred by dismissing their counterclaim. On May 16, 1990, the court granted the Becks leave to file a counterclaim. The Becks' counterclaim for slander of title was filed on June 1. On June 14, CDC filed a motion to dismiss the counterclaim pursuant to section 2—615, alleging the counterclaim failed

to state a cause of action. On June 20, the court allowed CDC to withdraw the only remaining count of its complaint, and the court withdrew its previous grant to the Becks for leave to file a counterclaim. The court then struck the counterclaim "without prejudice to refile as a separate action." The court did not rule on CDC's section 2—615 motion to dismiss.

We determine that, when the correct labels are used, the trial court allowed CDC to voluntarily dismiss the only remaining count of its complaint and then dismissed the Becks' counterclaim. CDC's complaint was not dismissed with prejudice, and the Becks were not given the option to replead as is normally the case in section 2—615 proceedings. Section 2—1009 of the Illinois Code of Civil Procedures states:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. *** After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent." Ill. Rev. Stat. 1989, ch. 110, par. 2—1009.

■ The Becks filed a counterclaim against CDC seeking damages based upon slander of title. Additionally, the Becks did not consent to the voluntary dismissal of CDC's complaint. Therefore, section 2—1009 prevents CDC's voluntary dismissal of the complaint. (See *Schmitt v. Motorola, Inc.* (1987), 160 Ill. App. 3d 1059, 1061.) The trial court did not determine that the Becks' counterclaim failed to state a cause of action and then dismiss it. The court simply got rid of the complaint and then tossed the counterclaim out with it. This was error. (See *Highway Industries, Inc. v. Trailer Leasing Co.* (1977), 48 Ill. App. 3d 235, 237 (dismissal of the complaint does not carry the counterclaim with it).) The trial court erred in allowing CDC to voluntarily withdraw its complaint in the face of a counterclaim and then dismissing the counterclaim.

CDC argues that the Becks' slander of title claim should have been considered by the arbitrator. CDC points out the parties entered into a stipulation prior to the arbitration hearing which provided, "A final award will consider or address the underlying claim by CDC, and defenses by Beck, regardless of the theory of recovery." Since the Becks had the opportunity to present this claim to the arbitrator, CDC argues the Becks are barred by *res judicata* from pursuing their counterclaim.

■■ We disagree. The stipulation also provided, "A final award will not address issues of lienability." The Becks' counterclaim was based entirely upon lienability. Additionally, a counterclaim is not a defense but a separate complaint. Therefore, it was not covered by the clause in the stipulation noted by CDC. The Becks' counterclaim was not barred by *res judicata*.

■■ CDC also argues this issue is moot because the Becks are not prejudiced by the court's dismissal of the Becks' counterclaim as the Becks have the ability to refile a new and separate action. We believe that prejudice is inherent in a court's failure to abide by the requirements of section 2—1009. Additionally, there is no indication CDC has agreed to, *inter alia*, waive service, pay costs or refrain from executing on the judgment received on the previously adjudicated counts of its complaint until this "new" action is resolved. Forcing the Becks to file a new action instead of continuing in an already existing action does prejudice the Becks.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed in part and reversed in part, and the cause is remanded for proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

BOWMAN and GEIGER, JJ., concur.