NORMAN NELSON, as Attorney in fact and Trustee for Genevieve Soller *et al.*, Plaintiff-Appellee, v. ROGER J. LANGE AND COMPANY, INC., *et al.*, Defendants-Appellants.

Third District   No. 3—92—0003

Opinion filed June 4, 1992.

Perlman & Horvitz, of Chicago (Stuart D. Perlman, of counsel), for appellants.

Baymiller, Christison, Radley & Covey, of Peoria (David B. Radley, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Norman Nelson, as attorney in fact and trustee for Genevieve Soller and Vivian Murphy, filed a complaint against the defendants, Roger J. Lange & Company, Inc., Roger J. Lange and Jan F. Lange. The complaint alleged the defendants violated a number of the provisions of the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1989, ch. 121½, par. 137.1 *et seq.*). The complaint alleged a series of transactions in which the defendants fraudulently induced Soller and Murphy into investing in the stock of Roger J. Lange & Company, Inc., rather than mutual funds and tax-exempt bonds.

In response, the defendants filed a motion to dismiss or stay proceedings and compel arbitration. Attached to the motion was a copy of an account application from MidAmerica Management Corporation and National Financial Services Corporation. In bold print immediately above the signature lines, the application stated the signatories acknowledged the receipt of a predispute arbitration agreement.

Following arguments and written briefs, the trial court denied the defendants' motion on October 17, 1990. On November 16, 1990, the defendants filed a notice of interlocutory appeal. This court subsequently reversed and remanded the cause for further determination of whether the defendants were employees or agents of MidAmerica Management Corporation and National Financial Services Corporation and therefore entitled to invoke the arbitration agreement as third-party beneficiaries.

On remand, the defendants amended their motion to dismiss or stay proceedings contending Soller and Murphy signed an investment management agreement with Roger J. Lange & Company, Inc., on October 10, 1989. The agreement contains an arbitration clause identical to the one found in the account application with MidAmerica Management Corporation.

The plaintiff moved for an evidentiary hearing to determine the existence of an arbitration agreement under the investment management agreement. The defendants opposed the plaintiff's motion. On October 16, 1991, the circuit court granted the plaintiff's motion for an evidentiary hearing. However, the court stated further discovery would not constitute a waiver by the defendants of their claimed right to submit the dispute to arbitration.

The record indicates a hearing was held on November 20, 1991, at which Charles Vail and Roger Kern testified and the evidence depositions of Vivian Murphy and Roger Lange were submitted. A transcript of this hearing has not been included in the record on appeal.

On December 4, 1991, the circuit court entered an order denying the defendants' motion to dismiss or stay proceedings and compel arbitration. The court found that at no time did Genevieve Soller and Vivian Murphy knowingly and voluntarily enter into a contract providing for arbitration, and that none of the other agreements entered into with other financial institutions conferred on the defendants a right to arbitrate disputes. The defendants have again brought an interlocutory appeal from the circuit court's ruling.

On appeal, the defendants contend the circuit court erred as a matter of law in denying their motion. The defendants argue the sum of the plaintiff's argument is that Soller and Murphy were fraudulently induced into entering into the investment management agreement. The defendants contend this issue is covered by the arbitration clause contained in that agreement.

The plaintiff argues Soller and Murphy along with Roger Kern signed page six of the investment management agreement believing it was necessary to allow Lange to invest Soller and Murphy's savings

in tax-exempt bonds and conservative mutual funds. The plaintiff asserts Soller and Murphy did not know they were signing an investment agreement or that it contained an arbitration clause. Despite the plaintiff's assertions to the contrary, the sum of his contention is that Soller and Murphy were fraudulently induced into entering into the investment management agreement on October 10, 1989.

The sole issue at a preliminary hearing to compel or stay arbitration is whether there is an agreement to arbitrate. (*T D E Ltd. v. Israel* (1989), 185 Ill. App. 3d 1059, 541 N.E.2d 1281.) The only question brought before a reviewing court on an interlocutory appeal is whether there was a sufficient showing to sustain the order of the trial court. *J & K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 456 N.E.2d 889.

As an initial matter, the parties have not clarified whether this matter is governed by the Illinois statute on arbitration (Ill. Rev. Stat. 1989, ch. 10, par. 101 *et seq.*) or whether because the contract involves interstate commerce the United States Arbitration Act of 1925 (9 U.S.C. §1 *et seq.* (1988)) governs. (See *Southland Corp. v. Keating* (1984), 465 U.S. 1, 79 L. Ed. 2d 1, 104 S. Ct. 852.) In any event, Illinois courts have followed the Supreme Court's analysis of the Federal statute in interpreting the Illinois provisions when a claim of fraud in the inducement is raised against a motion to compel arbitration. *Konewko v. Kidder, Peabody & Co.* (1988), 173 Ill. App. 3d 939, 528 N.E. 1; *Monical v. N C R Corp.* (1984), 126 Ill. App. 3d 790, 467 N.E.2d 644.

In *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.* (1967), 388 U.S. 395, 18 L. Ed. 2d 1270, 87 S. Ct. 1801, the United States Supreme Court held that under the United States Arbitration Act of 1925, a broad arbitration clause requires the arbitrator(s) to decide a claim of fraud in the inducement of the entire contract. Thus the issue is whether the arbitration clause in the investment management agreement is broad enough to encompass a claim of fraud in the inducement of the entire contract. To determine the scope of the arbitration clause the court must examine the wording of the clause and the terms of the contract in which the clause is included. *A.E. Staley Manufacturing Co. v. Robertson* (1990), 200 Ill. App. 3d 725, 558 N.E.2d 434.

The clause states in pertinent part: "I agree that all controversies that may arise between us concerning any order or transaction, or the continuation, performance or breach of this or any other agreement between us, whether entered into before, on, or after the date this account is opened, shall be determined by arbitration ***."

We find this arbitration clause to be broad enough to require that the claim of fraud in the inducement be submitted to arbitration. Therefore the circuit court erred in denying the defendants' motion to stay proceedings and compel arbitration.

For the foregoing reasons, the judgment of the circuit court of Marshall County is reversed and the cause remanded with directions to enter an order staying judicial proceedings in this matter and compelling arbitration.

Reversed and remanded with directions.

BARRY, P.J., and SLATER, J., concur.