JOHN CLEELAND, Plaintiff-Appellee, v. DARCIE GILBERT *et al.*, Defendants (American Family Insurance Group, Defendant-Appellant).

Third District No. 3—01—0524

Opinion filed June 4, 2002.—Modified on denial of rehearing September 11, 2002.

LYTTON, P.J., concurring in part and dissenting in part.

Lyle F. Koester and Shannon F. O'Shea, both of Kiesler & Berman, of Joliet, for appellant.

Christopher W. Bohlen, of Barmann, Kramer & Bohlen, P.C., of Kankakee, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

In this underinsured motorist action, defendant American Family Insurance Group appeals the trial court's decision confirming an arbitration award entered against it in favor of plaintiff John Cleeland. American Family claims that the decision was void for lack of jurisdiction and that monetary relief was inappropriate. While we conclude that jurisdiction was proper, we hold, *inter alia*, that the arbitration award must be vacated because the trial court exceeded its authority when it entered a monetary judgment pursuant to an application to compel arbitration in accordance with the Uniform Arbitration Act (Act) (710 ILCS 5/1 *et seq.* (West 2000)), without first making a finding of contempt on a rule to show cause. Accordingly, we affirm in part, vacate in part and remand.

## FACTS

In October of 1993, Cleeland filed a negligence action against two defendants for injuries he sustained in a 1991 automobile accident. The action was eventually settled, and the trial court entered an order dismissing it with prejudice. Four years later, Cleeland's attorney sent American Family notice regarding his intent to pursue an underinsured motorist claim. American Family informed Cleeland that it had no record of the accident or of his policy. Although Cleeland's attorney provided additional policy information to Kimberly Eastman, the American Family claims adjuster, the insurance company continued to assert that it could find no information regarding a policy.

In October of 1998, Cleeland filed a "motion to compel arbitration" against American Family pursuant to section 2 of the Act (710 ILCS 5/2 (West 2000)). The motion was filed under the same case number as the previously dismissed action. It claimed that Cleeland was insured by American Family at the time of the accident, that the policy of insurance provided him with underinsured motorist benefits and contained a provision for arbitration, that Cleeland made a demand for arbitration, but that American Family failed to respond. American Family provided no response to the motion. Cleeland subsequently filed a motion requesting that arbitrators be appointed. At a hearing, American Family failed to appear, and the trial court granted the motion to compel arbitration and the motion appointing the arbitrators.

Over one year later, Cleeland filed a motion requesting that the court order the arbitration to proceed. Although American Family received notice, it did not appear at the hearing where the motion was granted and the arbitration hearing was scheduled. The arbitration hearing proceeded as scheduled; at its conclusion Cleeland was awarded $363,967. Afterwards, Cleeland filed a motion requesting an order confirming the arbitration award. Again, American Family did not appear at the hearing on that motion, and it was granted by the court.

In January of 2001, Cleeland filed a citation to discover assets, sending notice to American Family. Thereafter, American Family filed a special and limited appearance and a motion to quash service of summons, vacate the arbitration award, and dismiss for want of jurisdiction. After the motion was denied, American Family appealed.

Additional facts will be provided as they become pertinent to the analysis.

## ANALYSIS

On appeal, American Family contends both that the trial court lacked personal and subject matter jurisdiction and that the order confirming the arbitration award should be vacated because Cleeland was not entitled to monetary relief on his application to compel arbitration. This court reviews issues of law *de novo. Keller v. Walker*, 319 Ill. App. 3d 67, 744 N.E.2d 381 (2001); *Woods v. Cole*, 181 Ill. 2d 512, 693 N.E.2d 333 (1998).

The first issue regards personal jurisdiction. American Family claims that the motion to compel arbitration was erroneously served on its employee in her individual capacity and not in her role as an officer or agent of the company. Because American Family was improperly served, it claims it was not properly joined as a party-defendant and all subsequent orders were void.

■ When serving a private corporation, a copy of the process may be left with the corporation's registered agent or any of its officers or agents within the state. See 735 ILCS 5/2—204 (West 2000); *Megan v. L.B. Foster Co.*, 1 Ill. App. 3d 1036, 275 N.E.2d 426 (1971) (finding that service upon an intelligent clerk who acted as a receptionist and understood the purport of the service of summons was proper service upon an agent of the company). Service of summons, however, cannot be obtained upon a corporation by serving one of its purported agents personally or as an individual. See *First State Bank & Trust Co. of Hanover Park v. Winfrey*, 165 Ill. App. 3d 767, 520 N.E.2d 763 (1987). If a corporation is not served with process, all subsequent judgments against the corporation are void because the court lacks jurisdiction to enter orders against it. See *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 497 N.E.2d 1156 (1986).

■ According to the record, Cleeland was listed as applicant and American Family was listed as respondent on both the motion and summons. The summons was addressed to "Kimberly Eastman Casualty Claim Analyst 745 McClintock Drive Suite 100 Burr Ridge Illinois 60521." The subsequent return of service showed that Eastman was served by "Personal Service: By leaving a copy of the summons and complaint with the named defendant personally." Although Eastman provided an affidavit stating that she had no recollection of receiving the summons, the affidavit failed to state that she had not been served. The affidavit did state, however, that on the date of service Eastman was working as a casualty claims analyst for American Family at the office identified on the summons.

This evidence supports the conclusion that service was properly made on the corporation because the summons clearly identified American Family as the respondent and the person who received the service was a responsible agent of the corporation. See *United Bank of Loves Park v. Dohm*, 115 Ill. App. 3d 286, 450 N.E.2d 974 (1983) (finding that a clerk was a proper agent of a bank for receipt of process). Therefore, we affirm. See *Professional Therapy Services, Inc. v. Signature Corp.*, 223 Ill. App. 3d 902, 585 N.E.2d 1291 (1992) (affirming a lower court's decision that service was proper because defendant did not overcome its burden showing otherwise).

The second issue is whether subject matter jurisdiction existed. American Family claims that the order confirming the award was void because the motion was filed in the same action that had been previously dismissed with prejudice. American Family suggests that Cleeland should have filed a new complaint and attached the contract of insurance or reopened the dismissed case and sought leave of court to add it as a new defendant.

■ "Subject matter jurisdiction" refers to the power of a court to hear and decide a particular case or controversy. *Dahl v. Grenier*, 126 Ill. App. 3d 891, 467 N.E.2d 992 (1984). The issue of whether a court has subject matter jurisdiction may be raised at any time. *Automated Professional Tax Services, Inc. v. Department of Employment Security*, 244 Ill. App. 3d 485, 612 N.E.2d 1008 (1993). If a court does not have subject matter jurisdiction, it has no authority to act and any subsequent action taken by the court is void. *Bank of Viola v. Nestrick*, 94 Ill. App. 3d 511, 418 N.E.2d 515 (1981).

■ In this case, the trial court determined that when Cleeland filed his motion to compel arbitration, it was a new cause of action, against a new defendant, seeking new relief. Because it had no impact on the prior dismissed cause of action, Cleeland did not have to file a motion to reopen the old case or add a party defendant. According to the court, the placement of the old case number on the application and summons was a ministerial, record-keeping function of the court and had no impact on the cause of action or its outcome. We agree with the trial court.

A careful reading of Cleeland's motion clearly demonstrates that substantively it is an application to compel arbitration pursuant to the Act. See *Sobczak v. Whitten*, 75 Ill. App. 3d 208, 393 N.E.2d 1080 (1979) (finding that the character of a pleading is determined from its content, not its label). Although Cleeland placed an old case number on the application and summons, it did not change the fact that he filed a new action against a new defendant, requesting new relief. Cleeland's application to compel arbitration would have been better served by filing it under a new case number, but we do not think that the procedure used was fatal to the trial court's subject matter jurisdiction under the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 2000)). If American Family objected to the procedure used, it had notice and an opportunity to move for dismissal on procedural grounds. It failed to do so and should not be heard to complain now.[1]

■ Third, American Family asserts that the order affirming the arbitration award should be vacated because Cleeland was not entitled to receive monetary relief on an application to compel arbitration. We

---

[1]It should be noted that the motion to compel arbitration did not include a copy of the policy upon which the action was based. That issue was not raised by American Family in the trial court and for that reason we do not address it. See *Swift & Co. v. Dollahan*, 2 Ill. App. 2d 574, 120 N.E.2d 249 (1954) (providing that even though a plaintiff failed to attach to its complaint a copy of the written contract upon which the action was based, the issue was not raised prior to appeal and was thus waived).

agree. In a proceeding to compel arbitration, the sole issue is whether there is an agreement to arbitrate. *Nelson v. Roger J. Lange & Co.*, 229 Ill. App. 3d 909, 594 N.E.2d 391 (1992). If a valid agreement is established, the trial court has no discretion and must order arbitration. *Contract Development Corp. v. Beck*, 210 Ill. App. 3d 677, 569 N.E.2d 941 (1991). Although the court is compelled to order arbitration, the court's authority is limited to that alone. See 710 ILCS 5/2 (West 2000).

■ While the trial court in this case had the authority to compel the parties to arbitrate, it exceeded its authority when it granted Cleeland's subsequent motions appointing arbitrators, setting the arbitration hearing, confirming the arbitration award, and entering a monetary judgment. Cleeland was not entitled to such relief on an application to compel arbitration. Instead, once an order to compel arbitration issued and American Family continued to stonewall on the matter, the proper procedure to compel arbitration would have been to file a rule to show cause why American Family should not be held in contempt for failure to proceed with the arbitration. See *Falcon, Ltd. v. Corr's Natural Beverages, Inc.*, 173 Ill. App. 3d 291, 527 N.E.2d 504 (1988) (providing that a proceeding for contempt is a vehicle to compel or coerce obedience to an order or decree). A rule to show cause would inform American Family of the allegations of contempt and of the time and place of the evidentiary hearing on the charge within a reasonable time in advance of the hearing. *In re Parentage of Melton*, 321 Ill. App. 3d 823, 748 N.E.2d 291 (2001). At the hearing, Cleeland would have the burden of showing contempt and American Family would have an opportunity to show that it complied with the court's order or provide a reason for its noncompliance. *Melton*, 321 Ill. App. 3d at 829, 748 N.E.2d at 297. After a finding of contempt in a rule to show cause proceeding, the trial court may then order that the arbitration take place. But because continuing on to arbitration and then confirming a monetary award was beyond the court's authority at that point in the proceedings, the trial court's decision denying American Family's motion to vacate the arbitration award is hereby vacated, and this action is remanded for further proceedings.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed in part, vacated in part and remanded.

Affirmed in part and vacated in part; cause remanded.

McDADE, J., concurs.

PRESIDING JUSTICE LYTTON, specially concurring in part and dissenting in part:

I concur with the majority's holding that the trial court had personal and subject matter jurisdiction. However, I dissent from the majority's claim that the trial court lacked the authority to enter monetary relief pursuant to an application to compel arbitration in accordance with the Uniform Arbitration Act (Act) (710 ILCS 5/1 *et seq.* (West 2000)). The majority believes that relief can be granted only through a contempt proceeding to compel obedience...to an order to compel.

I believe a court need issue only one order to compel. A successful motion, under section 2 of the Act, is sufficient to require a defendant to arbitrate. Here, the hearing on the motion to compel arbitration gave American Family the same opportunity to respond as a petition for rule to show cause would have. Section 2 is titled "Proceedings to compel or stay arbitration," suggesting that the very nature of the motion is to compel a party to arbitrate or explain why arbitration is not proper. The statute requires the court to compel arbitration when appropriate. Forcing Cleeland to file a petition for a rule to show cause is simply redundant.

The sole issue in a proceeding to compel arbitration is whether there is an agreement to arbitrate. *Nelson v. Roger J. Lange & Co.*, 229 Ill. App. 3d 909, 594 N.E.2d 391 (1992). If an agreement exists, the court must order arbitration. 710 ILCS 5/2 (West 2000). The opportunity for American Family to contest the existence or applicability of the arbitration agreement was at the proceeding to compel arbitration, not at a needlessly repetitive "show cause" hearing.

Furthermore, the majority claims that the court exceeded its authority when, acting on Cleeland's motions, it appointed arbitrators, set the arbitration hearing, confirmed the arbitration award, and entered a monetary judgment on that award. However, the court clearly acted within the authority granted to it in the Act. The statute explicitly provides the court with the authority to confirm the arbitration award (710 ILCS 5/11 (West 2000)) and to enter a judgment on that award (710 ILCS 5/14 (West 2000)). Moreover, the power to appoint arbitrators is not limited to the appointment of arbitrators about which both parties agree. See *Anderson v. Safeway Insurance Co.*, 10 Ill. App. 3d 597, 295 N.E.2d 117 (1973) (holding that where an insurance policy contained a valid arbitration clause and the insurer was estopped from denying coverage, the court properly appointed an arbitrator to arbitrate the claim). Finally, the statute indicates that the court has the power to direct the arbitrators to proceed promptly to resolve the controversy. See 710 ILCS 5/5 (West 2000).

Requiring Cleeland to file a rule to show cause before the court may rule under the authority provided it by the Act is superfluous and uneconomical. The trial court acted well within its authority in granting the plaintiff relief. I would grant the petition for rehearing and affirm the judgment of the circuit court of Kankakee County.