STEVEN MONICAL *et al.*, Plaintiffs-Appellants, *v.* NCR CORPORATION, Defendant-Appellee.

Fourth District   No. 4—84—0149

Opinion filed August 13, 1984.

Walter L. Stodd, of Pontiac, for appellants.

Gery R. Gasick and Charles S. Watson, both of McConnell, Kennedy, Quinn & Johnston, Chartered, of Peoria, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Plaintiffs, Steven Monical and Pontiac Services, Inc., filed a complaint for damages June 29, 1983, in the circuit court of Livingston County. Plaintiffs alleged that defendant, NCR Corporation (NCR), acted fraudulently in inducing plaintiffs to purchase a computer system and maintenance agreement in November 1976. On defendant's motion, the original complaint was dismissed, plaintiffs filed an amended complaint, and defendant filed an application to compel arbitration. The trial court allowed NCR's application, specifically finding that the parties had an agreement to arbitrate and further ordering that the civil action be stayed. It is from this order that plaintiffs appeal.

The maintenance agreement in question provided that any dispute concerning the agreement be settled by arbitration. The agreement states as follows:

"19. Disputes. *Any controversy or claim,* including any claim of misrepresentation, arising out of or related to this Agreement and/or any contract hereafter entered into between NCR and Customer, or the breach thereof, or the furnishing of any equipment or service by NCR to Customer, shall be settled by arbitration." (Emphasis added.)

■ Plaintiffs argue that, because of NCR's alleged fraud in the inducement of the contract, plaintiffs had the option of rescinding the contract, which they have chosen to do. Thus, plaintiffs maintain, since the contract is void, they are not bound by the arbitration agreement. They further maintain the arbitration clause provided for claims of misrepresentation and not for claims of fraud. We disagree. The clause clearly states, "any controversy or claim" shall be settled by arbitration, including, but not limited to, claims of misrepresentation. We conclude that the arbitration clause was broad enough to encompass claims of fraud in the inducement of the contract.

■ No Illinois case is directly on point. However, the United States Supreme Court has ruled on a similar question under a similar statute concerning arbitration. (9 U.S.C. secs. 1 through 14 (1970).) That court held that a claim of fraud in the inducement of the contract generally—as opposed to the arbitration clause itself—is to be resolved by the arbitrators and is not an issue for the courts. (*Prima Paint Corp. v. Flood & Conklin Manufacturing Co.* (1967), 388 U.S. 395, 400, 18 L. Ed. 2d 1270, 1275, 87 S. Ct. 1801, 1804.) The court noted that the clear congressional purpose is that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts. Here,

no claim was made that fraud was directed to the arbitration clause itself, and thus, we hold the broad language of the arbitration clause to encompass arbitration of the claim that the contract as a whole was induced by fraud.

■ Our decision is supported by *dictum* in *Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 389 N.E.2d 1286. There, the appellate court noted that the majority approach favors submitting the fraud issue to the arbitrator where no claim is made that fraud was directed to the arbitration clause itself. We agree. Although plaintiffs claim they have rescinded the contract, they do not request rescission in their complaint. Plaintiffs have requested damages on the contract. Thus, the issue is whether defendant fraudulently induced plaintiffs to contract generally, and that is a question for the arbitrator.

In addition, it is before the court in this case that plaintiffs filed an application to compel arbitration on December 29, 1982, prior to filing their complaint for damages on June 29, 1983. An arbitration hearing had been scheduled for June 6, 1983, but the hearing was indefinitely postponed at plaintiffs' request. Defendant claims that, since plaintiffs initially requested arbitration, they are bound by the arbitration clause in the contract and have waived any right to a civil action.

■ Although plaintiffs are now taking an inconsistent position with regard to the agreement to arbitrate, we need not decide if they are bound by their initial request. The trial court found that the parties had executed a valid agreement to arbitrate any disputes related to the purchase agreement and ordered the parties to begin arbitration. We find the trial court acted properly in so ordering.

For the reasons stated, the decision of the circuit court of Livingston County is affirmed.

Affirmed.

MILLS, P.J., and MILLER, J., concur.