EDWARD KONEWKO *et al.*, Plaintiffs-Appellees, v. KIDDER, PEABODY & COMPANY, INC., Defendants-Appellants.

Second District   Nos. 2—88—0344, 2—88—0362 cons.

Opinion filed August 5, 1988.—Rehearing denied September 27, 1988.

Edwin H. Conger, of Tenney & Bentley, of Chicago (Edward Eschoo, Jr., of counsel), for appellant Kidder, Peabody & Co., Inc.

Michael T. Smith, of Law Offices of Michael T. Smith, of Lisle, for appellants Blunt, Ellis & Loewi, Inc., and Thaddeus Augelli.

George A. Thomas, of Wheaton, and Kenneth E. North, of Oak Brook, of appellees.

JUSTICE DUNN delivered the opinion of the court:

Defendants, Kidder, Peabody and Co., Inc. (Kidder), Blunt, Ellis & Loewi, Inc. (BEL), and Thaddeus Augelli, appeal from a judgment of the circuit court of Du Page County denying their motion to compel arbitration of the present dispute. On appeal, defendants contend that the Federal Arbitration Act (9 U.S.C.A. §1 *et seq.* (West 1970)) applies in this case and that the trial court erred in denying defendants' motion to compel arbitration. We vacate and remand with directions.

On August 4, 1987, the plaintiffs, Edward and Genevieve Konewko, filed an 11-count complaint against the defendants in the circuit court of Du Page County. The complaint alleged that defendants had engaged in fraudulent activities, deceptive business practices, deceptive trade practices, and had violated various securities regulations during a period from August 1979 to September 1985.

BEL moved to have the complaint dismissed, alleging that plaintiffs were forced to arbitrate their dispute with BEL under the arbitration clause of an "Option Account Agreement" the Konewkos executed. The agreement reads in pertinent part:

"Gentlemen:

With respect to any transaction effected by you on my behalf for the purchase and/or sale of any options contract traded ei-

ther on a national securities exchange or in the over-the-counter markets, I hereby agree as follows:

* * *

12. If any controversy arises between us in connection with my accounts it may be settled by arbitration in accordance with the rules of either the Board of Arbitration of The New York Stock Exchange, other national securities exchange providing facilities for arbitration, or the National Association Securities Dealers, Inc., as I may elect. If I do not make such election by registered mail addressed to you at your main office within five (5) days after receipt of notice from you requesting such election, then you may so elect. In any arbitration proceeding the award of the arbitrators, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction. I understand that my entering into this agreement bars me from pursuing any claims not arising under the federal securities laws in court, but does not bar me from pursuing such claims based solely on alleged violations of the federal securities laws in a judicial forum rather than in arbitration.''

Kidder then moved to dismiss two counts of the complaint for lack of jurisdiction and also moved to compel arbitration under an arbitration clause in a ''Put and Call Options Agreement'' the Konewkos signed. This agreement reads, in part:

''To: Kidder, Peabody & Co. Incorporated

In consideration of your acceptance of instructions to purchase, sell, or endorse put and call options (hereinafter referred to as 'Puts' and 'Calls' or, collectively, 'Options') for the account of the undersigned, it is hereby agreed as follows:

* * *

10. Any controversy or claim arising out of or relating to accounts of or transactions with or for the undersigned or to this ageement [sic] or the breach thereof shall be settled by arbitration in accordance with the rules of either the American Arbitration Association or any of the exchanges or other markets wherein any of the Options transactions giving rise to the claim or controversy were executed as the undersigned may elect. If the undersigned does not make such election by registered mail addressed to you at your main office in New York City within five days after demand by you that such election be made, then you may make such election. Judgment upon any award rendered by the arbitrators may be entered in any court having

jurisdiction thereof."

On December 2, 1987, a default judgment was entered against Augelli; however, the judgment was vacated on January 5, 1988. At that time, the trial court also granted plaintiffs' motion to dismiss voluntarily two counts. Augelli then filed a motion to dismiss based on the arbitration clauses in the options agreements. Plaintiffs responded to the motions to dismiss and attached to their response an affidavit stating that they never intended to deal in options and only signed the options agreements on the advice of Augelli, who told them that the agreements were mere formalities.

After further briefing, the trial court held a hearing and took the matter under advisement. The court then issued a letter opinion and order denying the motions to dismiss because there was a material issue of fact as to whether the Konewkos were fraudulently induced to sign the agreements, which the jury should decide. Timely notice of interlocutory appeal was filed, and this appeal ensued. On this court's own motion, BEL and Augelli's appeal was consolidated with Kidder's appeal. In addition, BEL and Augelli were permitted to adopt Kidder's brief as their appellant's brief.

■ Supreme Court Rule 307(a) (107 Ill. 2d R. 307(a)) allows an appeal from an order denying an injunction. An order denying a motion to stay further proceedings and compel arbitration is analogous to the denial of an injunction and appealable. (*Cencula v. Keller* (1987), 152 Ill. App. 3d 754, 756, 504 N.E.2d 997, 999.) Therefore, we have jurisdiction to consider this appeal.

■ Defendants' first contention is that Federal arbitration law, specifically title 9 of the United States Code, applied to this dispute. We agree.

In *Southland Corp. v. Keating* (1984), 465 U.S. 1, 79 L. Ed. 2d 1, 104 S. Ct. 852, the Supreme Court held that when a contract involving interstate commerce contains an arbitration clause, Federal law supercedes State statutes, even in State courts. Plaintiffs cite one Illinois case, *Kress Corp. v. Edw. C. Levy Co.* (1981), 102 Ill. App. 3d 264, 430 N.E.2d 593, which held that a State court may apply a State arbitration act to a contract involving interstate commerce. However, as plaintiff correctly notes, *Kress* predates the Supreme Court's definitive opinion in *Southland*. Therefore, because the contract in question involves interstate commerce, namely the sale of securities, the Federal Arbitration Act and the interpretations thereof apply to the arbitration clause in this case.

Defendants then argue that the trial court erred in denying their motion to dismiss and compel arbitration. In particular, they argue

that any question of fraud in the inducement of the entire agreement must be revolved by an arbitrator, not the court. In response, the plaintiffs argue that the arbitration clauses do not apply to the present dispute, and if they did apply, a question of fraud in the inducement must be resolved by the courts.

We first consider plaintiffs' argument that the arbitration clauses contained in the option trading agreements do not apply in this case. Plaintiffs contend that their complaint does not allege any wrongdoing with respect to options trading but concerns itself entirely with conventional securities; therefore, the option trading agreements are inapplicable.

■■ ■ When interpreting a contract, we must determine the meaning of the provisions from the language, and we will not arrive at a construction of the contract which runs contrary to the plain and ordinary meaning of the language used. (*Tate v. Wabash Datatech, Inc.* (1986), 147 Ill. App. 3d 230, 236, 497 N.E.2d 1342, 1345.) Turning first to the Kidder agreement, we note that the title is "Put and Call Options Agreement." The questionnaire attached to the agreement asks the potential customers questions about their qualifications for options trading. Finally, the main text of the contract begins as follows:

"To: Kidder, Peabody & Co. Incorporated
In consideration of your acceptance of instructions to *purchase, sell, or endorse put and call options* \*\*\*." (Emphasis added.)

This contract does not set forth any provisions relating to conventional securities trading and is merely an agreement which sets out the procedures Kidder will follow when trading options for a client. Therefore, we conclude that Kidder's arbitration clause only applies to options transactions performed for plaintiffs by Kidder.

An examination of the agreement that the Konewkos' signed with BEL also indicates that the agreement was meant only to apply to option trading. The title of the document is "Option Account Agreement," and the opening statement of the agreement refers only to the "purchase and/or sale of any options contract." Therefore, the BEL-Konewko agreement only applies to options transactions executed by BEL for plaintiffs.

As plaintiffs correctly point out, the complaint in this case does not refer to any options transactions. However, during the hearing on defendants' motions to dismiss and compel arbitration, plaintiffs' counsel stated that the complaint was brought on both options and trading accounts. Neither the record nor the complaint affirmatively indicates which counts involved options and which did not. We there-

fore remand this cause to the circuit court of Du Page County for a determination of whether the complaint does involve any options transactions. If the court finds that this complaint concerns only trading accounts, then the plaintiffs are not obligated to arbitrate this dispute because the option trading agreements do not apply.

Because there is a likelihood that the circuit court will determine that parts of the complaint do involve options transactions, we turn to the question of which issues are to be decided by an arbitrator. The defendants argue that because plaintiffs were alleging fraud in the inducement of the *entire* contract, that question must be decided by an arbitrator.

Our analysis of this issue begins with *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.* (1967), 388 U.S. 395, 18 L. Ed. 2d 1270, 87 S. Ct. 1801. In *Prima Paint,* the Supreme Court held that under the United States Arbitration Act, a broad arbitration clause requires the arbitrators to decide a claim of fraud in the inducement of the entire contract. (*Prima Paint,* 388 U.S. at 403-07, 18 L. Ed. 2d at 1277-79, 87 S. Ct. at 1805-07.) The arbitration clause in *Prima Paint* encompassed "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof." *Prima Paint,* 388 U.S. at 398, 18 L. Ed. 2d at 1274, 87 S. Ct. at 1803.

The Illinois Appellate Court has followed this analysis in cases involving the Uniform Arbitration Act (Ill. Rev. Stat. 1987, ch. 10, par. 101 *et seq.*). In *Monical v. NCR Corp.* (1984), 126 Ill. App. 3d 790, 467 N.E.2d 644, the court concluded that an arbitration clause which stated that any controversy or claim arising out of the agreement shall be settled by arbitration was sufficiently broad to require the issue of fraud in the inducement of the entire contract to be arbitrated. (*Monical,* 126 Ill. App. 3d at 791, 467 N.E.2d at 645.) Similarly, in *Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 491 N.E.2d 1322, the court held that an arbitrator must decide the fraudulent inducement issue when the arbitration clause encompassed "all disputes 'arising out of or regarding this Agreement or the Property ***.' " (*Kostakos,* 142 Ill. App. 3d at 538, 491 N.E.2d at 1324.) We now examine the arbitration clauses to determine whether they are broad enough to allow arbitration of a fraudulent inducement claim.

■ With respect to the BEL-Konewko agreement, the pertinent part of the arbitration clause states: "If any controversy arises between us in connection with my accounts it may be settled by arbitration ***." In contrast to the language of the arbitration clauses in *Prima Paint, Monical,* and *Kostakos,* this clause only concerns itself with disputes concerning a client's option accounts, rather than any

controversy arising out of the agreement. Parties to an arbitration clause are only required to submit issues to arbitration when they have clearly agreed to arbitrate those issues, and we will not extend an agreement by construction or implication. (*Cencula v. Keller* (1987), 152 Ill. App. 3d 754, 758, 504 N.E.2d 997, 999.) The clear, unambiguous language of BEL's arbitration clause indicates that the only disputes the parties agreed to arbitrate were those arising from the Konewkos' accounts and not the agreement. Therefore, the issue of fraudulent inducement with respect to BEL's option agreement must be decided by the court prior to arbitration.

■■ Turning to the Konewko-Kidder agreement, the pertinent language in the arbitration clause states: "Any controversy or claim arising out of or relating to accounts of \*\*\* the undersigned *or to this ageement [sic] or the breach thereof shall be settled by arbitration* \*\*\*." (Emphasis added.) This arbitration clause is very similar to the clause in *Prima Paint* and *Monical,* and we find no reason to deviate from the analysis used in those cases. Therefore, any issue of fraudulent inducement of the Kidder-Konewko agreement must be decided by an arbitrator.

In summary, we remand the cause to the circuit court of Du Page County for a factual determination of whether the complaint involved options transactions. If options transactions are not involved, then arbitration is not required, and the trial court's ruling must stand. If there are options transactions involving BEL, the circuit court must first determine whether the Konewkos were fraudulently induced into signing the contract. In the case of options transactions through Kidder, all issues surrounding those transactions along with the issue of fraudulent inducement must be arbitrated.

Therefore, the judgment of the circuit court of Du Page County is vacated, and the cause is remanded with directions.

Order vacated and remanded with directions.

NASH and INGLIS, JJ., concur.