GLENN H. JOHNSON CONSTRUCTION COMPANY, Plaintiff-Appellant, v. BOARD OF EDUCATION, Community Consolidated School District No. 15, Defendant-Appellee.

First District (6th Division)   No. 1—92—0736

Opinion filed March 26, 1993.

Michael B. Roche, James D. Adducci, and L. Andrew Brehm, all of Schuyler, Roche & Zwirner, of Chicago, for appellant.

Vedder, Price, Kaufman & Kammholz, of Chicago (Paul A. Millichap and Karen Pszanka-Layng, of counsel), for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Glenn H. Johnson Construction Company, appeals from an order of the circuit court of Cook County which denied its motion to compel arbitration of a dispute regarding monies allegedly owing from defendant, Board of Education, Community Consolidated School District No. 15. The trial court concluded that the parties evidenced their intent *not* to arbitrate disputes when they deleted the operative arbitration clause, section 4.5.1 of the general conditions, from their construction contract. The sole issue on appeal is whether the trial court erred in holding that the contract did not provide for arbitration of the parties' dispute.

The relevant facts are as follows. Defendant hired plaintiff to be the general contractor on a project involving the construction of Kimball Hill Elementary School in Rolling Meadows, Illinois. In addition to the construction of the new school, the project included the demolition and removal of the existing Kimball High School building, the removal of fuel tanks buried on the site, and the potential removal of contaminated and unsuitable soil. Pursuant to the parties' contract, plaintiff agreed to dispose of contaminated soil at a unit price of $110 per cubic yard, and to remove and dispose of unsuitable soil at a price of $18 per cubic yard. (For purposes of this appeal, the relevant documents comprising the parties' contract include the general conditions, the supplementary conditions, and the additional supplementary conditions. The latter two modify, delete from and/or add to the general conditions.)

As the preparation of the project site commenced, plaintiff identified areas containing contaminated and unsuitable soil. Plaintiff removed the soil from the site and disposed of it at an approved

waste disposal facility. Subsequently, plaintiff submitted change orders and invoices to defendant for the cost of removing and disposing of the soil. According to plaintiff, defendant was billed for the soil removal and disposal at the rates specified in the contract. Defendant's architect denied plaintiff's claim in part, and defendant refused to pay the portion which the architect disputed.

Consequently, on October 2, 1990, plaintiff submitted its demand for arbitration (Demand) to the American Arbitration Association (AAA) seeking the arbitration of its claim against defendant pursuant to the Construction Industry Arbitration Rules (Rules). (The AAA does not act as an arbitrator, but rather administers arbitrations in accordance with the agreement of the parties and maintains panels from which arbitrators may be chosen by the parties.) On October 9, 1990, the AAA case administrator, Matthew Luzi, wrote a letter to the parties acknowledging receipt of plaintiff's Demand, informing defendant of its right to file an answering statement, and requesting the parties to select an arbitration panel.

In response to plaintiff's Demand, on October 18, 1990, defendant sent its response to the AAA disputing the arbitrability of plaintiff's claim. Defendant informed Luzi that the contract clause permitting arbitration of such claims, namely section 4.5.1 of the general conditions, had been deleted in its entirety by the additional supplementary conditions. Defendant explained that in the absence of the operative language of section 4.5.1, the AAA lacked authority to move forward with plaintiff's Demand. Defendant also informed Luzi that plaintiff had failed to attach to its Demand a copy of the additional supplementary conditions evidencing that section 4.5.1 had been deleted.

On October 19, 1990, plaintiff wrote to Luzi explaining its position concerning the arbitrability of claims arising out of the contract. Plaintiff acknowledged that the additional supplemental conditions deleted section 4.5.1, but disagreed that this deletion eliminated defendant's obligation to arbitrate the subject dispute. In support of this contention, plaintiff highlighted the language of section 4.4.4 of the general conditions which provides, in pertinent part: "[T]he Architect will notify the parties in writing that the Architect's decision will be made within seven days, which decision shall be final and binding on the parties *but subject to arbitration.*" (Emphasis added.) Plaintiff also noted that sections 4.5.2 through 4.5.7 of the general conditions, which relate to and govern procedures for arbitration proceedings between the parties, were left intact notwithstanding the deletion of section 4.5.1.

On October 22, 1990, defendant submitted another letter to the AAA essentially repeating its position concerning the interpretation of the parties' contract.

On November 6, 1990, Luzi sent a letter to the parties stating:

"The AAA, after reviewing the contentions of the parties and the Arbitration agreement, has determined that an issue as to arbitrability exists which may be determined by an Arbitrator(s)."

Upon receipt of this letter, defendant, on November 13, 1990, wrote a letter directly to the AAA's regional vice-president, David Scott Carfello, again challenging the arbitrability of the parties' dispute. Plaintiff received a copy of this letter on Friday, November 16, 1990. On Monday, November 19, 1990, plaintiff telephoned the AAA and requested an opportunity to respond in writing to defendant's letter. Plaintiff was allegedly informed that no action would be taken in response to defendant's letter until plaintiff had an opportunity to respond to it in writing.

Before plaintiff responded, however, on November 21, 1990, Carfello issued the AAA's final ruling concerning its authority to arbitrate the parties' dispute. Carfello stated:

"As relayed to each side, the Association has determined that based on the contentions of the parties, the Association is without authority to process this arbitration.

If the parties would be willing to submit to arbitration concerning this matter, under the Rules of the American Arbitration Association, the Association will proceed to administer this matter."

Accordingly, on or about January 9, 1991, plaintiff filed a petition to compel arbitration in the circuit court of Cook County. In count I, plaintiff sought an order compelling arbitration of the parties' dispute. In the alternative, and only in the event the trial court determined that the parties' dispute was not arbitrable, plaintiff sought in count II an adjudication that it was entitled to the amounts allegedly owing from defendant.

In response to the petition, on February 15, 1991, defendant filed its answer, affirmative defenses, and counterclaim denying the arbitrability of the petition and any claims for monies due, and asserting claims against plaintiff for breach of contract.

After a lengthy discovery process, on November 19, 1991, plaintiff filed its motion to compel arbitration of the dispute, requesting the same relief it sought in count I of its petition. After the parties briefed the motion and delivered oral arguments, the trial court is-

sued an order denying the motion. The trial court found that section 4.5.1 of the general conditions was the key provision creating the right to arbitration and, accordingly, concluded that its deletion established the parties' lack of intent to arbitrate disputes. The trial court subsequently transferred the matter to the law division for an adjudication of the merits of the parties' dispute. This appeal followed.

Although the order appealed from in this case is interlocutory, we nevertheless have jurisdiction, since the trial court's denial of the requested relief is analogous to the denial of an injunction. (*J & K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 667, 456 N.E.2d 889, 893.) The sole question before a reviewing court on an interlocutory appeal is whether there was a sufficient showing to sustain the order of the trial court granting or denying the relief sought. (*Nelson v. Roger J. Lange & Co.* (1992), 229 Ill. App. 3d 909, 911, 594 N.E.2d 391, 392; *Montalbano Builders*, 119 Ill. App. 3d at 667, 456 N.E.2d at 893.) We conclude that there was a sufficient showing and therefore affirm the trial court's order denying plaintiff's motion to compel arbitration.

■ In the absence of a statute mandating arbitration (see, *e.g.*, *State Farm Fire & Casualty Co. v. Yapejian* (1992), 152 Ill. 2d 533, 605 N.E.2d 539), "parties to an agreement are bound to arbitrate only those issues which by clear language and their intentions expressed in the language show they have agreed to arbitrate." (*Rauh v. Rockford Products Corp.* (1991), 143 Ill. 2d 377, 387, 574 N.E.2d 636, 641.) "At a hearing to stay a judicial proceeding and to compel arbitration, the trial court should concern itself solely with whether an agreement exists to arbitrate the dispute in question." *Montalbano Builders*, 119 Ill. App. 3d at 669, 456 N.E.2d at 894.

■ Where an arbitration agreement exists, and it is apparent that the parties' dispute falls within the scope of that agreement, the court should decide the arbitrability issue and compel arbitration. (*Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr* (1988), 124 Ill. 2d 435, 445, 530 N.E.2d 439, 443.) Similarly, if it is apparent that no arbitration agreement exists or if the issue disputed by the parties is not within the scope of that agreement, the court should decide the arbitration issue in favor of the party opposing arbitration. (*Donaldson*, 124 Ill. 2d at 445, 530 N.E.2d at 443.) However, in cases where the issue of contractual intention as to the arbitrability of a given dispute is reasonably debatable—such as where the parties broadly agree to arbitrate but it is unclear

whether the subject matter of the dispute falls within the scope of the arbitration agreement—the arbitrability question is to be decided initially by the arbitrator. *Donaldson*, 124 Ill. 2d at 446, 530 N.E.2d at 444.

■ We concur with the trial court in holding that no arbitration agreement existed in this case. As the trial court properly determined, section 4.5.1 of the general conditions created the parties' right to arbitrate disputes and represented their general agreement to do so. When this section was deleted by the additional supplementary conditions, the right of the parties to arbitrate disputes was also eliminated. The remaining clauses pertaining to arbitration derived their force from section 4.5.1, as the contract clearly indicates. Thus, in the absence of the operative arbitration language contained in section 4.5.1, these clauses are without effect.

In arriving at our conclusion that the deletion of section 4.5.1 evidenced the parties' intent *not* to arbitrate disputes, but rather to litigate them, we look first to the section's language and the caption which precedes it, and also to the Rules of the AAA:

> "*4.5 ARBITRATION*
>
> *4.5.1 Controversies and Claims Subject to Arbitration.*
> *Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof* \*\*\*. Such controversies or Claims upon which the Architect has given notice and rendered a decision as provided in Subparagraph 4.4.4 shall be subject to arbitration upon written demand of either party. Arbitration may be commenced when 45 days have passed after a Claim has been referred to the Architect as provided in Paragraph 4.3 and no decision has been rendered." (Emphasis added.)

Significantly, the AAA's Rules expressly state:

> "The parties can provide for the arbitration of future disputes by inserting the following clause into their contracts:
>
> *Standard Arbitration Clause*
>
> Any controversy or claim arising out of or relating to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment

upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof."

As is apparent, this "Standard Arbitration Clause," *providing* for the arbitration of disputes, was adopted verbatim by the parties and inserted as the first part of section 4.5.1 (as indicated by the highlighted portion of that section). There can be no other reasonable explanation but that in so doing, the parties intended therein to create the right, and accompanying agreement, to submit their disputes to arbitration. However, as stated, this clause and the remainder of section 4.5.1 were expressly deleted by the parties when the additional supplementary conditions were incorporated as part of the contract. Accordingly, the right of the parties to arbitrate disputes was eliminated.

Further, as defendant aptly points out, the AAA's Rules mandate that the parties to a contract must specifically authorize the AAA to administer an arbitration or must specify that they agree to arbitration under its Rules before the AAA may assume jurisdiction of a dispute. This specific authorization was incorporated into the language of section 4.5.1. Since the parties deleted this section, the AAA no longer had jurisdiction to administer the arbitration of the parties' disputes.

In response to this argument, plaintiff contends that section 4.5.2 of the general conditions contains the required authorization for the AAA to handle the parties' disputes. In relevant part, section 4.5.2 states:

"Claims between the Owner and Contractor not resolved under Paragraph 4.4 shall, *if subject to arbitration under Subparagraph 4.5.1,* be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect ***." (Emphasis added.)

Although this section appears to authorize the AAA to administer arbitration of the parties' disputes, this authorization is illusory. In reality, under section 4.5.2, the AAA only has jurisdiction over the parties' disputes if those disputes were subject to arbitration under section 4.5.1, as the highlighted language of section 4.5.2 clearly indicates. From this language it is apparent that section 4.5.2 derived its force from the arbitration agreement contained in section 4.5.1, which no longer exists. The same can be said for the remaining sections falling under the principal "ARBITRATION" heading—sections 4.5.3 through 4.5.7—which merely provide details regarding how to initiate and conduct an arbitration proceeding *assuming* a

right to arbitration exists. Thus, plaintiff's argument is without merit.

Plaintiff similarly points to section 4.4.4 of the general conditions in support of its contention that the deletion of section 4.5.1 is not determinative on the issue of arbitrability. Section 4.4.4 states, in pertinent part:

> "If a Claim has not been resolved after consideration of the foregoing and of further evidence presented by the parties or requested by the Architect, the Architect will notify the parties in· writing that the Architect's decision will be made within seven days, which decision shall be final and binding on the parties *but subject to arbitration.*" (Emphasis added.)

In plaintiff's view, this clause, together with section 4.3.2 of the general conditions, which discusses when the architect's decision concerning a dispute is required as a condition precedent to arbitration or litigation, demonstrates that an agreement to arbitrate the dispute at issue remains. This argument is also without merit, however, because section 4.5.2, shown above, makes clear that the disputes referred to in section 4.4.4 (which are the same as those referred to in section 4.3.2) are only arbitrable when *section 4.5.1* declares that they are arbitrable. Since section 4.5.1, representing the pivotal arbitration agreement between the parties, was deleted, these and other remaining references to arbitration contained in the contract are without force.

Plaintiff argues that a holding in favor of defendant flies in the face of the fundamental principle of contract construction, that contracts are to be interpreted as· a whole, giving meaning and effect, if possible, to each provision of the contract. (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 283, 154 N.E.2d 683; *Srivastava v. Russell's Barbecue, Inc.* (1988), 168 Ill. App. 3d 726, 730, 523 N.E.2d 30, 33.) Plaintiff maintains that it is necessary to give meaning to the numerous references to arbitration remaining in the contract after the deletion of section 4.5.1. On the contrary, these clauses are meaningless standing alone, without the force and effect given them by section 4.5.1. The primary object of contract construction is to give effect to the intention of the parties. (*Martindell*, 15 Ill. 2d at 283, 154 N.E.2d at 689.) The construction which the trial court adopted here is the only logical one under the circumstances. It is to us quite clear that in deleting section 4.5.1 from the contract, the parties were communicating their intent to eliminate arbitration as a means of resolving their disputes. Although we grant that defendant's failure to delete every reference

to arbitration was perhaps the result of hasty or careless drafting, we believe nonetheless that the trial court's ruling properly expresses the parties' intent to litigate rather than arbitrate their disputes.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and RAKOWSKI, JJ., concur.