**Sandra Walker PAYNE,**
**Plaintiff–Appellant,**

v.

**SECRETARY OF THE TREASURY,**
**Defendant–Appellee.**

No. 03–5102.

United States Court of Appeals,
Sixth Circuit.

Aug. 20, 2003.

Sandra Walker Payne, pro se.

Before RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.*

*ORDER*

Sandra Walker Payne, proceeding pro se, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a very abrupt complaint, Payne sued the Secretary of the Treasury, claiming that managers at the Internal Revenue Service (IRS) have been "allowed to treat

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

me as an employee indecent & cruel treatment. They won't let work assignment to be distributed to me fairly. Take money from my Salary anytime they feel like. Makes up Rules that is Taylor [sic] made for me & do not comply with my May 1999 Settlement Agreement." She appears to seek monetary and equitable relief. Upon review, the district court concluded that Payne did not have a valid claim against the Secretary of the Treasury because the Secretary does not act under color of state law. Hence, it dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Payne has filed a timely appeal, essentially reasserting her claims. The defendant was not served with a copy of the complaint, so no briefing schedule was issued to the defendant on appeal.

Upon review, we conclude that the district court properly dismissed the complaint. This court renders de novo review of a district court's dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998).

■ Payne did not state a claim against the Secretary of the Treasury. In order to state a viable claim under § 1983, a plaintiff must allege that she was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of state law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996). Payne has not stated a § 1983 claim because the Secretary, as the head of a federal agency, acts under color of federal law. *See Billings v. United States,* 57 F.3d 797, 801 (9th Cir.1995). Hence, the district court properly dismissed the complaint because Payne did not allege that her rights were violated by someone acting under color of state law.

■ We also conclude that the district court properly concluded that it could not construe the complaint as raising a claim under the Rehabilitation Act. The issue arises because Payne previously filed three employment discrimination complaints against the IRS, in which she essentially alleged that she had been discriminated against based on an alleged disability (blindness in one eye). However, the instant complaint cannot be construed as raising a similar claim. First, Payne's complaint does not comply with Fed. R.Civ.P. 8(a)(2) because it does not contain a "short and plain statement" of a claim showing that she is entitled to relief. Rather, the complaint merely contains conclusory allegations of misconduct that are insufficient to state a claim. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Second, the complaint does not mention the Rehabilitation Act or any disability allegedly suffered by Payne. Neither this court nor the district court is required to create Payne's claim for her. *See* Fed.R.Civ.P. 8(a)(2); *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989); *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.